**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 18, 2006**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 04-2199 |
| | (D.C. No. 02-CR-2072-JP) |
| ANDREW CURLEY BEGAYE, | (New Mexico) |
| Defendant-Appellant. | |

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Andrew C. Begaye was found guilty of distribution of methamphetamine and conspiracy to commit the same in violation of 21 U.S.C. § 841(b)(1)(C) and § 846, and three counts of firearm possession or use in violation of 18 U.S.C. § 922(g)(1) and 924(c)(1)(A).  The district court imposed a sentence of 168 months

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment after finding that Mr. Begaye was an organizer in the criminal activity, *see* U.S.S.G. § 3B1.1(c), and that he obstructed justice by testifying falsely at trial, *see* U.S.S.G. § 3C1.1. Mr. Begaye appeals, contending the district court 1) failed to make specific findings to justify enhancing his sentence for an aggravating role in the offense; 2) violated his Fifth Amendment rights by imposing the obstruction-of-justice enhancement; and 3) violated his Sixth Amendment rights pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005), by basing his sentence on judge-found facts. We affirm.

## I

As pertinent to this appeal, the evidence presented at trial indicated that on July 10 and 11, 2002, Stephanie Pergerson obtained drugs from Mr. Begaye to sell to undercover agents. The two transactions occurred at Clarence Hahn's residence. During the first sale, Mr. Begaye was present at Hahn's home and gave the drugs to Pergeson to sell to the agents, but only after a series of discussions during which Mr. Begaye was unwilling to give up the drugs without first receiving the money. Mr. Begaye was not present for the second sale. Instead, he had Hahn meet him at a separate location to collect the drugs and bring them back to Pergeson to sell to the agents at Hahn's residence. Nonetheless, Mr. Begaye drove by Hahn's residence prior to the consummation of the deal, and commented to the agents that he served as Pergeson's source and

that she had a habit of taking some of the drugs for herself. At trial, one of the agents testified that Pergeson had indeed sold the agents a smaller quantity of drugs than agreed. Mr. Begaye was subsequently arrested and his house was searched on two different occasions, during which firearms, drugs and associated paraphernalia were found.

At sentencing, Mr. Begaye agreed that all the statements of fact in his presentence report (PSR) were correct but asserted that under *Blakely v. Washington*, 542 U.S. 296 (2004), the court could not impose the recommended enhancements for his role in the offense as an organizer and for obstruction of justice. The district court overruled Mr. Begaye's *Blakely* objection and imposed a guideline sentence of 108 months for the first five counts, and 60 consecutive months for the § 924 conviction. The court imposed an identical sentence, "in the alternative, separately, outside of the Guidelines, under the applicable statutes, in the event the Guidelines are determined to be unconstitutional." Rec., vol. I, transcript of 7/27/05 proceedings at 24.

## II

On appeal, Mr. Begaye challenges the two-point enhancement as an organizer under U.S.S.G. § 3B1.1(c). In the district court, Mr. Begaye did not challenge the accuracy of the facts in the PSR on which the district court relied to increase his offense level by two points. Nor did he claim the information in the

PSR was not sufficient to support the enhancement. Nevertheless, he now contends the court failed to make sufficient factual findings to support the enhancement. Because he did not raise this objection below, we review only for plain error. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Burbage*, 365 F.3d 1174, 1180 (10th Cir. 2004) (quotation omitted).

When a district court enhances a defendant's sentence pursuant to section 3B1.1(c) of the guidelines, it "must make specific findings" and advance a factual basis to support application of the enhancement. *United States v. Valdez-Arieta*, 127 F.3d 1267, 1269-70 (10th Cir. 1997) (quoting *United States v. Ivy*, 83 F.3d 1266, 1292 (10th Cir. 1996)). For section 3B1.1 to apply, "the defendant must have exercised some degree of control over others involved in the commission of the offense or he must have been responsible for organizing others for the purpose of carrying out the crime." *United States v. Reid*, 911 F.2d 1456, 1464 (10th Cir. 1990) (quotation omitted), *superseded on other grounds as stated in United States v. Cruz Camacho*, 137 F.3d 1220, 1224 n.3 (10th Cir. 1998).

We decline to find plain error here. In enhancing Mr. Begaye's sentence under section 3B1.1, the district court stated it was relying on information detailed in Mr. Begaye's PSR and on evidence presented at Mr. Begaye's trial

over which the sentencing judge presided. *See* Rec., vol. I, transcript of 7/27/05 proceedings at 9. The PSR outlined information provided by Pergeson and Hahn that identified Mr. Begaye as their supplier, and indicated that he oversaw and directed how the drug sales to the undercover agents were to be transacted. *See* Rec., vol. II, sealed presentence report at 12.

Even if the district court's stated reasons for applying section 3B1.1(c) to Mr. Begaye's sentence lacked specificity, Mr. Begaye has not shown the alleged error was of such magnitude as to "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *Burbage*, 365 F.3d at 1180. Had Mr. Begaye objected to the factual or legal conclusions in the PSR recommending a section 3B1.1(c) enhancement, the district court could have stated with more particularity the evidence presented at trial that undergirded its sentencing decision. *See United States v. Aptt*, 354 F.3d 1269, 1287 (10th Cir. 2004) (court could have easily identified additional facts to support its sentencing enhancement, hence any alleged error did not seriously affect fairness, integrity or public reputation of judicial proceedings).

The evidence presented at trial supports the district court's conclusion that Mr. Begaye served in an organizing or supervisory capacity over Pergeson and Hahn. First, in both of Pergeson's drug sales to the undercover agents, she contacted Mr. Begaye about obtaining drugs for the transactions and he directed

her to take certain steps in completing each exchange, including telling her where to meet him to collect the drugs for the first transaction and to connect with Hahn to obtain the drugs for the second transaction. Pursuant to Mr. Begaye's further instructions, Pergeson initially did not bring the agents directly to Hahn's residence for the drug sales. And as a result of her subsequent failure to fully comply with his directions regarding the agents, Mr. Begaye refused to supply her with any more drugs for further transactions. Additionally, during one of the drug sales, Mr. Begaye was directly involved in determining when the exchange would specifically occur, declining to let Pergeson give the drugs to the agents until she had obtained money from them. Finally, uncontested information in the PSR indicated that Pergeson owed Mr. Begaye money and that he established a system of limiting the amount of drugs he gave her as a means of eliminating her debt to him. Given these circumstances, we are convinced that any error on the part of the district court to state specific factual findings did not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *Burbage*, 365 F.3d at 1180. *See Aptt*, 354 F.3d at 1287 (not plain error where district court could have corrected the error had defendant objected); *see also United States v. Rhynes*, 196 F.3d 207, 241-42 (4th Cir. 1999) (declining to grant relief under plain error where district court's alleged lack of specificity in making sentencing enhancement was nonetheless supported by PSR findings and evidence in record);

*United States v. Diaz*, 176 F.3d 52, 117-18 (2d Cir. 1999) (no relief granted under plain error review where record clearly demonstrated basis for district court's sentencing enhancement).

Mr. Begaye also challenges the court's imposition of a two-level enhancement for obstruction of justice under guideline section 3C1.1, alleging the enhancement violated his Fifth Amendment right to testify on his own behalf at trial. Section 3C1.1 imposes a two-level increase "[i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the . . . prosecution . . . of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct . . . ." The adjustment applies to perjurious testimony at trial. U.S.S.G. § 3C1.1, cmt. n.4(b). Because Mr. Begaye did not object to this enhancement, we review this issue for plain error.

"[A] defendant's right to testify does not include a right to commit perjury," *United States v. Dunnigan*, 507 U.S. 87, 96 (1993), but "[t]he mere fact that a defendant testifies to his or her innocence and is later found guilty by the jury does not automatically warrant a finding of perjury." *United States v. Markum*, 4 F.3d 891, 897 (10th Cir. 1993) (citation omitted). "An automatic finding of untruthfulness, based on the verdict alone, would impinge upon the constitutional right to testify on one's own behalf." *Id.* Hence, in order to

substantiate an obstruction of justice enhancement, there must be evidence in the record to support the district court's determination. *United States v. Chavez*, 229 F.3d 946, 955 (10th Cir. 2000). This includes "a specific finding independent of the jury verdict [that] . . . the defendant committed perjury," and the "particular testimony the district court found to be untrue." *Markum*, 4 F.3d at 898.

Here, the district court stated:

> With respect to the issue of obstruction of justice, which is addressed in Paragraph 45 of the Presentence Report, it's my finding that the defendant, Andrew Begaye, obstructed justice, specifically, by testifying falsely at trial that he was not around when drug sales took place and that he had nothing to do with drugs and it was not he who sold the drugs to agents. That evidence is based both on the testimony of Mr. Begaye and various other witnesses at the trial over which I presided, and the facts that I have adopted as factual findings of the Court set forth in the Presentence Report.

Rec., vol. I, transcript of 7/27/04 proceedings at 9-10. Paragraph 45 of the PSR stated that "Begaye falsely testified that he was not around when the drug sales took place and therefore [it] was not him who sold the drugs to the agents." Rec., vol. II, sealed presentence report at 13. The district court identified with particularity those statements by Mr. Begaye that it found to be untrue.

Ample evidence exists in the record to support the district court's determination. As noted by the government, Mr. Begaye testified he was not at Hahn's house on the night of July 10, even though Hahn, Pegerson, and a DEA agent testified otherwise. Likewise, despite Pergeson and Hahn's testimony to the

contrary, Mr. Begaye denied ever selling methamphetamine to anyone. Finally, Mr. Begaye was unable to explain, in light of his assertions of having merely innocent relationships with Pergeson and Hahn, why his cell phone records indicated so many calls at odd hours of the day from his two co-defendants. In light of the above, we cannot conclude the district court plainly erred in granting the enhancement for obstruction of justice.

Finally, Mr. Begaye posits the district court violated his Sixth Amendment rights by enhancing his sentence based on judge-found facts and that he is therefore entitled to resentencing under the advisory guideline approach of *Booker*. By objecting to his sentence on *Blakely* grounds, Mr. Begaye preserved this issue for appeal. We therefore apply a harmless error standard of review. *See United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005).

The government concedes the court erred because it imposed a sentence above the range permitted by the facts determined by the jury. *See United States v. Dazey*, 403 F.3d 1147, 1174-75 (10th Cir. 2005). Given a constitutional violation, it falls to the government to show the sentencing error was harmless "beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24 (1967).

The district court imposed a guideline sentence of 168 months but it also stated that:

> The same sentence is imposed, in the alternative, independent of [the] U.S. Sentencing Guidelines, but in accordance with the relevant

statutes and the ruling of the Supreme Court of the United States in *Williams v. New York*, 337 U.S. 241 (1949). The alternative sentence is to apply in the event the sentence imposed under the Sentencing Reform Act of 1984 is determined to be unconstitutional.

Rec., vol. I, pleadings, doc. 164 at 1. We have held that where a district court imposes an alternative sentence identical to that rendered under the guidelines, any alleged *Booker* error is deemed harmless. *United States v. Serrano-Dominguez*, 406 F.3d 1221, 1224 (10th Cir. 2005). This is so because where an alternative sentence is given, we need not speculate regarding whether the district court might pronounce a lighter sentence for defendant on remand. *Compare Labastida-Segura*, 396 F.2d at 1143 (courts should not enter "zone of speculation and conjecture" when determining whether sentencing error was harmless).

Despite this alternative sentence, Mr. Begaye contends the error was not harmless because the court failed to expressly consider all the factors set forth in 18 U.S.C. § 3553(a). *See Booker*, 125 S. Ct. at 765-66. Although the district court did not explicitly work its way through the various section 3553(a) factors in reaching its alternative sentence, "we have never imposed such a requirement." *United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005). Moreover, the district court expressly said it was exercising its discretion "taking into account the totality of the circumstances, of which I am aware, involving both Mr. Begaye's criminal history, the offense conduct, and other relevant information about his life provided in the Presentence Investigation Report." Rec., vol. I,

-10-

transcript of 7/27/04 proceedings at 12. It is clear to us the district court fully recognized its discretion under a non-mandatory sentencing regime and considered appropriate sentencing factors in exercising that discretion. As a result, we are persuaded the *Booker* error in Mr. Begaye's case was harmless beyond a reasonable doubt.

For the reasons discussed above, we **AFFIRM**.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge