FILED
United States Court of Appeals
Tenth Circuit

October 29, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RINALDI JEAN-CLAUDE,

Defendant-Appellant.

Nos. 09-5138 & 10-5014
(D.C. No. 4:09-CR-00018-TCK-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **HOLMES**, Circuit Judges.

A jury convicted Rinaldi Jean-Claude of possessing firearms while being an

unlawful user of a controlled substance. *See* 18 U.S.C. §§ 922(g)(3), 924(a)(2).

The district court applied a two-level enhancement for obstruction of justice and

sentenced him to 33 months in prison. Now Mr. Jean-Claude contends that his

conviction was procured with unlawfully seized images from his cell phone,

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which should have been suppressed because the phone exceeded the scope of a search warrant. He also contends that his conduct did not justify the obstruction-of-justice enhancement. We affirm both the conviction and the sentence.

I

Shortly before midnight on January 12, 2009, Mr. Jean-Claude was driving a Hertz rental car on Interstate 44 in Craig County, Oklahoma. He failed to signal a lane change and was stopped by Oklahoma State Trooper Branson Perry. When Trooper Perry approached the vehicle, Mr. Jean-Claude immediately explained that he was listed as an additional driver on the rental agreement and was in route to Ohio to pay a traffic fine. Trooper Perry thanked him for the information and requested that Mr. Jean-Claude sit in the patrol cruiser while he ran checks on his license and criminal history. Trooper Perry discovered that Mr. Jean-Claude was driving on a suspended license, but he issued only a warning and told him they were finished. As Mr. Jean-Claude stepped out of the cruiser, however, Trooper Perry "asked him if he had some more time [to] visit." R. Vol. 3 at 90. Mr. Jean-Claude said he did and soon consented to a search of his vehicle. He also confessed that there was ammunition in the trunk, although he denied it was his. The ensuing search uncovered not only ammunition in the trunk, but also a firearm wrapped in duct tape, which was hidden behind an interior panel of the trunk, and similarly duct-taped items hidden in the same area.

Trooper Perry moved the car to a nearby police facility, where he continued to search the vehicle and its contents. The duct-taped items turned out to be various firearms, nine in all, and ammunition magazines. From the car's inner console, Trooper Perry recovered a cell phone that contained images of Mr. Jean-Claude smoking marijuana; the images also showed what appeared to be one of the firearms retrieved from the rental car's trunk and a box that was for one of the guns. The weapons were inspected by an agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), who concluded that the firearms were not stolen or illegally altered. Consequently, Trooper Perry impounded the car and the firearms but released Mr. Jean-Claude, along with his cell phone.

The day after the traffic stop, ATF Agent Darrell Withem applied for a warrant to search Mr. Jean-Claude's apartment. In the warrant affidavit, Agent Withem attested that there was probable cause to search the apartment for evidence of "violations of Federal Firearms Laws." *Id.*, Vol. 1 at 53. He reasoned that the circumstances surrounding the stop, which he recounted in the affidavit, were consistent with illicit firearms trafficking. Agent Withem attached to the affidavit a list of items to be seized, including "electronic equipment." *Id.* at 58. He did not, however, specifically reference Mr. Jean-Claude's cell phone, either in the affidavit or in the list of items sought to be seized. A federal

magistrate judge issued the warrant. In doing so, however, the magistrate judge struck out several items listed for seizure, including "electronic equipment."

Just over an hour later, ATF agents executed the warrant. At the time, Mr. Jean-Claude was in his apartment, where agents discovered marijuana, ammunition, two ammunition magazines, and an owner's manual for one of the guns found in the rental car. In a dumpster, agents found two trash bags containing a used roll of duct tape; more ammunition; three gun boxes (including one with the same serial number as one of the firearms found in the rental car); clips for keeping an automobile trunk lining in place; a pizza receipt listing Mr. Jean-Claude's address; a business card from a gun dealer; three gun-cleaning rods; and a holster. Inside the apartment, agents once again recovered Mr. Jean-Claude's cell phone.

Mr. Jean-Claude was arrested and indicted under 18 U.S.C. §§ 922(g)(3) and 924(a)(2) for being an "Unlawful User of a Controlled Substance in Possession of Firearms and Ammunition." *Id.* at 25. Relying on the images in Mr. Jean-Claude's cell phone, the government's theory was that Mr. Jean-Claude used marijuana while possessing the firearms found in the rental car. Before trial, Mr. Jean-Claude moved to suppress the evidence seized from his apartment, claiming that the warrant affidavit failed to establish probable cause as a matter of law. *See id.* at 27-28. He also asserted there was no probable cause from the traffic stop to search the cell phone. *See id.* at 29-31.

At the suppression hearing, the parties disputed the sufficiency of the affidavit but focused on whether the circumstances of the stop gave rise to probable cause to search the cell phone. Mr. Jean-Claude maintained that there was no probable cause to search the phone after the stop because there was nothing illicit about the guns. He even confirmed that his "main reason" for filing the suppression motion was that there was no probable cause to search the cell phone. *See id.* at 432. Ultimately, the district court denied the motion to suppress, ruling that the totality of the circumstances surrounding the stop gave rise to probable cause, and that there also was probable cause reflected in the affidavit's averments to support the magistrate judge's issuance of the warrant and, in any event, the good-faith exception enunciated in *United States v. Leon*, 468 U.S. 897, 924-25 (1984), validated the search. Mr. Jean-Claude proceeded to trial and was convicted after the jury received evidence from the cell phone. At sentencing, the district court applied a two-level enhancement for obstruction of justice and imposed a sentence of 33 months in prison. Mr. Jean-Claude then initiated this appeal.[1]

---

[1] Mr. Jean-Claude filed a pro se notice of appeal after he was convicted but before the district court imposed its sentence and entered final judgment. That appeal, No. 09-5138, was abated. After sentencing, Mr. Jean-Claude filed another appeal, No. 10-5014, which we consolidated with No. 09-5138 and abated because the district court had not yet entered a final judgment. Once the district court entered its final judgment, we lifted the abatement.

## II

### A. *Motion to Suppress*

Mr. Jean-Claude first challenges the district court's denial of his motion to suppress. He contends that his cell phone and the images captured in it exceeded the scope of the search warrant because the magistrate judge specifically struck out "electronic equipment" from the list of items subject to search and seizure.

Ordinarily, in assessing the propriety of a denial of a motion to suppress, we review the evidence in the light most favorable to the government and accept the district court's factual findings unless they are clearly erroneous. *United States v. White*, 584 F.3d 935, 944 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1721 (2010). Here, however, we do not get that far. Instead, we conclude that Mr. Jean-Claude waived this suppression argument by failing to raise it in the district court. *See United States v. Hamilton*, 587 F.3d 1199, 1215-16 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 3443 (2010) (finding waiver where defendant failed to advance suppression argument in district court).

Mr. Jean-Claude contends for the first time on appeal that the district court should have suppressed the cell phone and its images because the issuing magistrate judge excluded "electronic equipment" from the list of items subject to seizure. *See* Aplt. Br. at 14. But as detailed above, Mr. Jean-Claude previously opposed the search based on the sufficiency of the warrant affidavit, claiming that the search of his apartment was illegal because the affidavit failed to establish

probable cause. *See* R. Vol. 1 at 27-28. He also argued that there was never probable cause to search the cell phone because there was nothing illegal about the guns found after the traffic stop. *See id.* at 28-31. Furthermore, Mr. Jean-Claude confirmed at the suppression hearing that his main reason for objecting to the evidence was the lack of probable cause to search the phone. *See id.,* Vol. 3 at 430-32. Neither in the motion to suppress nor in the arguments made during the suppression hearing did Mr. Jean-Claude ever indicate that the phone ought to be suppressed because the magistrate judge struck out the phrase "electronic equipment" from the list of items subject to seizure and, consequently, the phone fell outside of the scope of the warrant. Under these circumstances, our waiver rule applies. *See United States v. Dewitt*, 946 F.2d 1497, 1502 (10th Cir. 1991) (noting that "waiver provision applies not only to the failure to make a pre-trial motion [to suppress], but also to the failure to include a particular argument in the motion").

Of course, Fed. R. Crim. P. 12(e) provides a "single, narrow exception to the waiver rule" upon a showing of good cause. *Hamilton*, 587 F.3d at 1215-16 (quotation omitted). But Mr. Jean-Claude does not attempt to show cause why we should grant relief from the waiver. *See United States v. Banks*, 451 F.3d 721, 727-28 (10th Cir. 2006) ("[A] party's failure to raise a specific argument in a suppression hearing results in waiver on appeal unless the party is able to show cause why it failed to raise the argument below."). Instead, Mr. Jean-Claude

asserts that his suppression and appellate arguments are the same. *See* Reply Br. at 6. We are unpersuaded. The motion to suppress alleged that the warrant affidavit failed to establish probable cause and "was insufficient as a matter of law." R. Vol. 1 at 27. It claimed the warrant was "invalid and improperly issued," presumably because the affidavit failed "to show any relationship between the premises and the objects seized." *Id.* It also alleged the affidavit was conclusory and "based upon suspicions." *Id.* at 28. And the specific challenge to the cell phone and its images was predicated on a lack of probable cause. *See id.* at 30. Yet nowhere was there any suggestion that the search and seizure of the phone exceeded the scope of the warrant because the magistrate judge struck out "electronic equipment" from the list of items sought to be seized. Because Mr. Jean-Claude did not make this argument below and fails to show good cause for not doing so, his new argument is waived.[2]

_____

[2] Even if waiver principles did not control our disposition, the possibility of plain error review is either inappropriate because the alleged error involves factual disputes, or it would lead to an unavailing conclusion for Mr. Jean-Claude. *See Hamilton*, 587 F.3d at 1216 n.9. Indeed, the parties' arguments underscore the factual dispute attending the issue of whether the cell phone and its contents were excluded from the scope of the warrant. And even if we were inclined to resolve that dispute, we doubt Mr. Jean-Claude could successfully navigate plain error review. *See United States v. Uscanga-Mora*, 562 F.3d 1289, 1295 (10th Cir.)*, cert. denied*, 130 S. Ct. 289 (2009) (plain error is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings" (quotation omitted)). As we see it, the record provides an insufficient basis to find that the alleged error was "clear and obvious," *see Hamilton*, 587 F.3d at 1216 n.9, and Mr. Jean-Claude has not shown that his substantial rights were affected so as to seriously affect the fairness, integrity, or public reputation of judicial proceedings.

*B. Obstruction of Justice*

Turning next to the sentencing issue, Mr. Jean-Claude contends the district court erred in applying a two-level enhancement for obstruction of justice. He contends that the court's factual findings were inadequate to support the enhancement; that he did not attempt to suborn perjury by meeting with a Hertz employee; and that his efforts to investigate his own case do not justify imposing the enhancement.

In considering the district court's application of the sentencing guidelines, we review legal conclusions de novo and factual findings for clear error. *United States v. Poe*, 556 F.3d 1113, 1129 (10th Cir.), *cert. denied*, 130 S. Ct. 395 (2009). Whether a defendant obstructed justice is a factual question subject to clear error review. *See United States v. Heckard*, 238 F.3d 1222, 1232 (10th Cir. 2001). To be clearly erroneous, the district court's findings must be implausible or impermissible in light of the entire record on appeal. *United States v. Zapata*, 546 F.3d 1179, 1192 (10th Cir.), *cert. denied*, 129 S. Ct. 772 (2008).

The relevant guideline provision, USSG § 3C1.1, instructs sentencing courts to increase the applicable base offense level by two levels

> [i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense . . . .

Over Mr. Jean-Claude's objection, the district court applied § 3C1.1, finding that Mr. Jean-Claude attempted to influence the testimony of two witnesses. We find nothing in the record to suggest that this was clearly erroneous. The first witness, Mr. Bhavin Desai, testified that he was an assistant manager for Hertz Rental Cars. He said that Mr. Jean-Claude approached him at work. Mr. Desai did not remember the exact words that Mr. Jean Claude used. However, according to Mr. Desai, Mr. Jean-Claude essentially told Mr. Desai that he had been arrested while driving the rental car and asked Mr. Desai if he remembered not cleaning the car before it was rented. According to Mr. Desai, Mr. Jean-Claude told him that he wanted Mr. Desai to "testify for him that . . . I didn't clean the car so that stuff would already have been in the car." R. Vol. 3 at 126. Mr. Desai informed Mr. Jean-Claude that he did not recall whether he cleaned the car and, consequently, he was "not going to say yes, I cleaned the car or no, I didn't clean the car." *Id.* at 127. Mr. Desai testified that despite his explicit statement that he did not recall, Mr. Jean-Claude persisted and said "remember, we asked you not to clean the car." *Id.* at 129.

We conclude that this testimony provided an adequate evidentiary foundation for the district court's decision to apply the obstruction-of-justice enhancement. The court could reasonably find that Mr. Jean-Claude's conduct fell squarely within the parameters of the enhancement. *See* USSG § 3C1.1 cmt. n. 4(a) (providing as a "non-exhaustive list of examples of the types of conduct to

which the enhancement applies . . . threatening, intimidating, or *otherwise unlawfully influencing a . . . witness, . . . directly or indirectly, or attempting to do so*" (emphasis added)). As the district court observed, Mr. Desai "certainly felt . . . he was being asked to change his testimony." R. Vol. 3 at 509. And there is no indication that Mr. Jean-Claude was merely investigating his case. To the contrary, the record supports the view that Mr. Jean-Claude was attempting to directly persuade Mr. Desai to provide false, exculpatory testimony; by itself, this compels us to affirm the district court's application of the enhancement.

The district court also found that Mr. Jean-Claude attempted to influence the testimony of his girlfriend, Ms. Carrie Wells. Mr. Jean-Claude lodges no specific challenge to the court's reliance on those circumstances to support its application of the enhancement. Accordingly, we are free to deem any such challenge to be waived. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). Even if Mr. Jean-Claude had preserved the challenge, however, it would not alter the outcome because we have concluded that Mr. Jean-Claude's encounter with Mr. Desai adequately sustained the obstruction enhancement.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Jerome A. Holmes
Circuit Judge

-11-