**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

MICHAEL LAMONT PHILLIPS,

      Defendant–Appellant.

No. 12-5043
(D.C. No. 4:05-CR-00054-JHP-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

     Michael Phillips appeals from his sentence of two consecutive twenty-four month

terms of imprisonment with no supervised release. Exercising jurisdiction under 28

U.S.C. § 1291, we affirm.

---

     * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

On July 7, 2005, Phillips pled guilty to two counts of possession of a firearm and ammunition after former conviction of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Phillips received a sentence of two concurrent thirty-seven month terms of imprisonment, followed by two concurrent three-year terms of supervised release.

After Phillips was released from prison, the Probation Office alleged that Phillips had violated the standard conditions of his supervised release by testing positive for cocaine and failing to participate in a cognitive training program, among other violations. On January 27, 2011, Phillips' supervised release was revoked and he was sentenced to two concurrent eleven month terms of imprisonment and two concurrent twenty-five month terms of supervised release.

Phillips began a second term of supervised release on May 27, 2011. That fall, the Probation Office again alleged that Phillips had violated the conditions of supervised release by, among other violations, possessing a firearm and failing to report within seventy-two hours that police officers had questioned Phillips in relation to a September 4, 2011 homicide.

On February 29, 2012, the district court revoked Phillips' supervised release and sentenced him to two consecutive twenty-four month terms of imprisonment with no supervised release, the maximum sentence allowed under the statute. 18 U.S.C.

§ 3583(e)(3). After pronouncement of the sentence, Phillips did not raise any objections. Phillips timely filed a notice of appeal.

## II

We review a sentencing decision for reasonableness, applying a deferential abuse of discretion standard. See United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008). A review of reasonableness has two components: (1) substantive reasonableness; and (2) procedural reasonableness. Id. Phillips challenges both aspects of his revocation sentence.

### A

A sentence is substantively unreasonable if its length is unreasonable in light of the 18 U.S.C. § 3553(a) sentencing factors. Id. A district court has discretion to impose consecutive sentences after the revocation of supervised release. See 18 U.S.C. § 3584. Repeated violation of supervised release conditions is a factor that has justified imposition of consecutive sentences or terms well above the Chapter 7 Guidelines range. See, e.g., United States v. Cordova, 461 F.3d 1184, 1189 (10th Cir. 2006); United States v. Tedford, 405 F.3d 1159, 1161-62 (10th Cir. 2005). In light of Phillips' history of recidivism, the district court did not abuse its discretion in sentencing Phillips to the statutory maximum sentence.

### B

Phillips also alleges that the district court insufficiently explained its decision to impose the maximum sentence allowed under the statute. Haley, 529 F.3d at 1311 ("A sentence is procedurally unreasonable if the district court . . . inadequately explains the sentence."). Phillips argues that although the district court generally considered the sentencing factors enumerated in 18 U.S.C. § 3553(a), the court provided insufficiently specific reasons for the sentence imposed.

At the sentencing hearing, Phillips did not alert the district court that he considered the court's statement of reasons inadequate. Where a defendant fails to object to the adequacy of the statement of reasons, a procedural reasonableness claim on this ground is reviewed for plain error. See United States v. Uscanga-Mora, 562 F.3d 1289, 1293 (10th Cir. 2009). The plain error standard is satisfied "when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1295.

When we review for plain error, we will remand only if substantial rights are affected. If there was error, Phillips has not shown that "there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." United States v. Mendoza, 543 F.3d 1186, 1194 (10th Cir. 2008). Phillips does not provide any indication that the district court would have imposed a lower sentence had it more fully explained its reasoning. Because there is no basis to conclude that the district

court's explanation affected Phillips' substantial rights, he has not satisfied the plain error standard.

## III

The district court did not abuse its discretion in setting Phillips' revocation sentence, nor did the court plainly err in explaining it.  We affirm.


Entered for the Court


Carlos F. Lucero
Circuit Judge