FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEVIN JOSEPH MENDIBLES,

    Defendant - Appellant.

No. 25-8009
(D.C. No. 2:24-CR-00076-KHR-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **ROSSMAN**, Circuit Judges.

_____

After being indicted for first-degree murder, Defendant Kevin Mendibles

pleaded guilty to one count of second-degree murder, *see* 18 U.S.C. § 1111(b), as

part of a plea bargain under Fed. R. Cr. P. 11(c)(1)(C) that set his maximum

sentence at 50 years' imprisonment. The district court sentenced him to a 40-year

sentence after imposing an upward departure under U.S.S.G. § 5K2.8. Defendant

appeals his sentence, challenging the upward departure because of the district court's

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

failure to explain the extent of the departure.  Because Defendant failed to raise the failure-to-explain issue in district court, we review it only for plain error.  On plain-error review we hold that Defendant has failed to meet his burden to show prejudice from the alleged error.  Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm the district court's judgment.

## I.    BACKGROUND

The presentence report (PSR) calculated Defendant's total offense level as 35 and his criminal-history category as II.  It included the following unchallenged information about Defendant's offense conduct:  Defendant lived with I.W.  They argued because Defendant believed that she sexually exploited her daughter. Following the argument, I.W. kicked Defendant out of her home, but he returned later that night and beat and stabbed her.  He reported that he "wanted her to feel" the beating, and that he hit her with a chair and another object during the beating.  R. Vol. II at 20 (internal quotation marks omitted).  Defendant first stabbed I.W. below the waist, but after the beating he stabbed her in the heart so that she would not suffer.  Defendant then placed I.W. on her bed, covered her body, and left the home. He reported that he was intoxicated and under the influence of methamphetamine at the time of the murder.  Law enforcement responded at 9:19 p.m., after another individual found I.W. in bed.  They reported that I.W. was breathing when she was found, but medical personnel could not resuscitate her, and she was pronounced dead at 9:47 p.m.  I.W.'s bedroom was in disarray, with blood on the walls and floors.  An autopsy report noted that I.W. had four stab wounds:  two in her sternum and two in

her sacrum/groin area.  She also had several cuts on her body, extensive blunt-force injuries on her face, and significant blunt-force head trauma.  The report noted that there was no blood on the soles of I.W.'s boots.

The PSR calculated Defendant's guidelines range as 188 to 235 months' imprisonment.  But it concluded that Defendant's "conduct in brutally beating I.W., the numbers [*sic*] of times he stabbed her, and then leaving her to die represents gratuitous infliction of injury, for which an upward departure [under U.S.S.G. § 5K2.8] is recommended for a sentence of 50 years' imprisonment," the maximum allowed under the plea agreement.  *Id.* at 31.  The PSR did not propose a specific offense-level increase for the recommended departure.

Defendant argued that the facts of his offense were not unusual enough to warrant a § 5K2.8 departure.  He compared his case to other cases where a defendant committed second-degree murder or voluntary manslaughter, arguing that his conduct was not unusually brutal within the range of voluntary manslaughter.  Defendant also submitted several exhibits, including a mitigation report, letters from his family members, and images from his childhood.

The government requested a 50-year sentence.

At the sentencing hearing the district court "agree[d] to be bound by the 50-year custodial cap as set forth in the parties' plea agreement."  R. Vol. III at 13.  It then found that the PSR's calculations were correct and that Defendant's guidelines range, before any departures or variances, was 188 to 235 months' imprisonment.  The government called case agent Dartagnan Deeds to testify in support of the

3

statements in the presentence report.  He also opined that the lack of blood on the bottom of I.W.'s boots was significant because it demonstrated that I.W. was not on her feet during the beating.  In proposing a 50-year sentence, the prosecutor stated that Defendant knew she was suffering, but did not help her and instead chose to kill her, which led I.W. to a long, painful death.

Defendant's counsel stated that while Defendant's crime was horrible, he acknowledged his wrongdoing, and it did not even rise to the type of conduct seen in similar cases where defendants received an upward departure.  Counsel further stated that the average sentence for similar defendants convicted of second-degree murder was 198 months' imprisonment, and the median sentence was 200 months' imprisonment.  He requested a 188-month sentence.  Defendant apologized to the family of the victim, acknowledged that his crime was horrible, and said that he was intoxicated and "could hardly remember exactly what happened." *Id.* at 43.

The district court thoroughly discussed the factors it needed to consider in imposing sentence, particularly the factors applicable when death results and the language of § 5K2.8, and it discussed how the facts of the case applied to those factors. It then granted the government's request for a six-level enhancement under § 5K2.8, which increased Defendant's offense level to 41, with a new range for imprisonment of 360 months to life.  In particular, it said "that the unusually heinous, prolonged, cruel, brutal, and degrading manner in which [Defendant] took [I.W.'s] life under those circumstances justifie[d] an enhancement under that particular provision." *Id.* at 49.  The court did not, however, offer a reason for choosing the

particular level of the upward departure.  It then sentenced Defendant to 480 months'

(40 years') imprisonment.

## II.     STANDARD OF REVIEW

Because Defendant did not object to the district court's explanation of the

§ 5K2.8 enhancement at sentencing, this court reviews for plain error.  *See United*

*States v. Romero,* 491 F.3d 1173, 1176–78 (10th Cir. 2007); *see also United States v.*

*Uscanga-Mora,* 562 F.3d 1289, 1293 (10th Cir. 2009) ("[P]lain error review obtains

when counsel fails to render a contemporaneous objection to the procedural adequacy

of a district court's statement of reasons at sentencing.").  Under plain-error review,

Defendant must show "(1) an error, (2) that is plain, which means clear or obvious

under current law, and (3) that affects substantial rights.  If he satisfies these criteria,

this Court may exercise discretion to correct the error if it seriously affects the

fairness, integrity, or public reputation of judicial proceedings." *United States v.*

*Goode,* 483 F.3d 676, 681 (10th Cir. 2007) (internal quotation marks omitted).  For

an error to affect Defendant's substantial rights, there must be "a reasonable

probability that, but for the error claimed, the result of the proceeding would have

been different." *United States v. Bustamante-Conchas*, 850 F.3d 1130, 1138 (10th

Cir. 2017) (internal quotation marks omitted).

## III.    ANALYSIS

Defendant argues, and the government concedes, that the district court erred

when it failed to explain the reason for the degree of the upward departure.  We

agree.  But Defendant still must prove prejudice. S*ee Bustamante-Conchas*, 850 F.3d at 1138.  This he has not done.

We need not repeat a description of the brutality of Defendant's offense.  The district court clearly knew the details.  Its rationale for imposing the § 5K2.8 enhancement was clear and is supported by the evidence in the record.  *See United States v. Robertson*, 568 F.3d 1203, 1215 (10th Cir. 2009); *Uscanga–Mora,* 562 F.3d at 1295 ("The defendant thus received a sentence merited by the evidence, and we cannot say—as we would have to in order to find plain error—that, but for the claimed error, the defendant's sentence would have been any different.").

Here, Defendant's crime closely resembled first-degree murder.  His plea agreement contemplated a sentence as high as 50 years.  The PSR recommended a sentence of 50 years.  This is not a case where a sentencing judge's further consideration of subtle issues regarding how to precisely calculate the proper level of departure would be likely to affect the ultimate sentencing decision.  Defendant has not persuaded us that requiring the district court to expend further effort in explaining the level of departure would be at all likely to result in a lesser sentence.

Even though the district court erred by inadequately explaining its reasons for departing upward by six levels, Defendant cannot establish that the error affected his substantial rights.

## IV.    CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Harris L Hartz
Circuit Judge