**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LUCIANO GARCIA,

    Defendant - Appellant.

No. 18-2025
(D.C. No. 1:17-CR-02242-RJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **McHUGH**, **MORITZ**, and **EID**, Circuit Judges.

_____

Luciano Garcia appeals his 135-month sentence for possessing with intent to distribute 500 grams or more of methamphetamine. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Garcia was arrested in August 2017 after he and two associates attempted to sell two pounds of methamphetamine to a confidential source who had been in contact with

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the Drug Enforcement Administration.  Garcia pled guilty and accepted responsibility for his crime.

A probation officer prepared a presentence investigation report (PSR) and calculated a sentencing Guidelines range of 168 to 210 months.  That range reflected a total offense level of 33 (a base offense level of 34; a two-level firearm enhancement; and a three-level reduction for acceptance of responsibility) and a category III criminal history (based on convictions dating from 2002 for, among other things, drug trafficking, heroin possession, and drug-paraphernalia possession).  The probation officer further stated that a "downward variance outside the advisory guideline range may be warranted" based on a consideration of the 18 U.S.C. § 3553(a) sentencing factors[1] and Garcia's traumatic upbringing, health issues, and drug dependency.  R., Vol. II at 28.

In line with that recommendation, Garcia argued in his presentencing memorandum that "[t]he factors set forth in 18 U.S.C. § 3553(a)(1)-(7) support a variance and a sentence of one hundred twenty . . . months." *Id.*, Vol. I at 19.  He also objected to the firearm enhancement, stating he was unaware that one of his co-defendants had brought a gun to the transaction.

At the sentencing hearing, the district court first sustained Garcia's objection to the firearm enhancement, bringing the applicable sentencing range down to 135 to 168

---

[1] Those factors include:  the nature and circumstances of the offense; the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; deterrence; incapacitation; the need to provide training, medical care, or other correctional treatment; the sentencing range and any pertinent policy statements; and the need to avoid unwarranted sentence disparities.  18 U.S.C. § 3553(a).

months.  The district court next turned to the PSR, "find[ing] [it] accurate and correct, with the exception of the [firearm enhancement]." *Id.*, Vol. III at 10.

The court then heard arguments from counsel concerning a downward variance. Defense counsel reiterated that Garcia had "a very difficult childhood," suffered from "an opiate addiction," and that "most importantly of all the [§] 3553(a) factors, at least as a concern to my client's history and characteristics, my client suffers from very poor health." *Id.* at 12-14.  Defense counsel then concluded:

> So when you look at the arc of Mr. Garcia's life from his childhood, getting through high school, and getting involved in the criminal justice system, it's a striking story, but I don't believe it's a typical story.  I believe Mr. Garcia's case does fall out of the heartland of cases, if we want to use the old nomenclature of the Guidelines.  But I guess the question for the Court this morning is what is sufficient, but not greater than necessary. Assuming we're starting from the range of 135 to 168 months, I'd ask the Court to vary downward to 120 months.  That would be the statutory minimum that my client's facing.  And I think under any metric, 120 months is a significant sentence.  It's far, far greater than any sentence my client has ever received.  It certainly has a significant deterrent value.  It significantly aids in the protection of the public and promotes respect for the law.  Any additional time beyond that 120 months really isn't going to appreciably promote any of the other goals of sentencing to justify that additional time.  Whether it's 135, 168, or even the 210 months that [the prosecutor] had advocated for in his writings.

*Id.* at 14-15.

The prosecutor responded by "recommen[ding] the high-end sentence of 168 months for all the reasons that were incorporated into the United States' Sentencing Memorandum." *Id.* at 16.  In that document, the government urged the Court to consider the § 3553(a) factors.  In particular, the prosecutor argued that Garcia was an experienced

3

drug trafficker who had not been dissuaded from criminality by a prior three-year prison

sentence:

> Defendant's extensive criminal history and dangerous multiple-pound-level drug trafficking in this case merit a very substantial sentence. Defendant's prior multiple-year sentence for trafficking less than two ounces of crack cocaine has clearly done nothing to dissuade him from escalating his criminal behavior beyond ounce-level trafficking to multiple-pound level transactions. Defendant has shown by his continued criminal conduct that he requires much more severe punishment to deter future drug trafficking behavior.
>
> In addition to escalating the size and monetary value of his drug trafficking, Defendant has escalated his behavior to include counter-espionage, security details (or "backup"), and firearms. Groups of offenders, operating in the community using clandestine meetings, defended by firearms, are exactly the sort of thing that disrupts the peace and tranquility of local communities. For those reasons, the United States respectfully submits that a sentence that would be sufficient to deter this Defendant[']s escalating pattern of criminal behavior, to safeguard the community, and to promote respect for the law, would be a sentence at the high end of his advisory guidelines[.]

*Id.*, Vol. I at 32-33.

The court then denied a variance and imposed a sentence at the bottom of the

applicable sentencing range, stating:

> I'm not departing from the recommended sentence. Pursuant to the Sentencing Reform Act of 1984, which I have considered in an advisory capacity, and the sentencing factors set forth in 18 United States Code Section 3553(a), which I have considered in light of the original sentence and I do find the Guideline range to be fair and reasonable, the following sentence is imposed. Luciano Garcia is placed into custody in the U.S. Bureau of Prisons to serve a term of imprisonment of 135 months.

*Id.*, Vol. III at 17. The court concluded the hearing by addressing various administrative

matters, including the particular correctional facility where Garcia would serve his

sentence and the terms of supervised release. In doing so, the court directed that while in

4

prison, Garcia should "get medical treatment," undergo counseling for mental-health and anger-management issues, and participate in a drug-treatment program. *Id.* at 17. Further, because the court was "concerned about [Garcia's] use of prescription medication as set forth in [the] [PSR]," *id.* at 18, the court ordered that upon Garcia's release, he would be required to notify his probation officer of any prescription-medication use. Despite being offered an opportunity for further comment, defense counsel raised no further objections or concerns.

Garcia now appeals, arguing that his sentence is procedurally and substantively unreasonable.

## DISCUSSION
## I. Standards of Review

We review sentences for reasonableness—"a two-step process comprising a procedural and a substantive component." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (internal quotation marks omitted).

> Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence. Substantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the totality of the circumstances.

*United States v. Vigil*, 696 F.3d 997, 1001-02 (10th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

"[W]hile a defendant need not object after pronouncement of sentence based on substantive reasonableness," *United States v. Romero*, 491 F.3d 1173, 1177 (10th Cir.

5

2007), to preserve a procedural error at sentencing, he "must specifically object to the district court's procedure," *United States v. Mendoza*, 543 F.3d 1186, 1191 (10th Cir. 2008). In the absence of a necessary objection, we will review only for plain error, which requires "(1) error, (2) that is plain, [that] (3) affects substantial rights, and [that] (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wireman*, 849 F.3d 956, 962 (10th Cir. 2017) (internal quotation marks omitted); *see, e.g.*, *id.* at 961 (declining to apply de novo review where the defendant, like Garcia, had "submitt[ed] [a] memorandum for a downward variance," because "even if a district court is fully apprised of a defendant's arguments for a below-Guidelines sentence, the defendant must still contemporaneously object in the district court to the method by which the district court arrived at a sentence, including arguments that the sentencing court failed to explain adequately the sentence imposed, if he or she hopes to avoid plain error review on appeal of any alleged procedural flaw" (emphasis and internal quotation marks omitted)).

## II.  Procedural Reasonableness

Garcia advances two procedural challenges to his sentence:  (1) the district court erroneously treated the Guidelines as mandatory; and (2) the district court inadequately explained its sentence.  Because Garcia failed to object after the district court announced his sentence, we review only for plain error.

### A.    Guidelines—Advisory versus Mandatory

Garcia argues that the district court impermissibly treated the Guidelines as mandatory by finding that the 135-to-168 month range was "fair and reasonable," R.,

Vol. III at 17. Granted, a district court commits error by applying a "presumption of reasonableness to the advisory guidelines when sentencing." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007). But the district court here did no such thing. Rather, the district court specifically justified its within-Guidelines sentence based on a consideration of the § 3553(a) sentencing factors and the advisory nature of the Guidelines.[2] Because that dual consideration ultimately led the district court to find the Guidelines sentence "fair and reasonable," the court did not apply a presumption of reasonableness.

Nevertheless, Garcia suggests that a reasonableness presumption is inherent in any district court sentence not "arrived at . . . in a manner that is truly independent of the Guidelines." Aplt. Opening Br. at 11. That suggestion is simply untenable. As the Supreme Court has explained, a Guidelines sentence is "the starting point and the initial benchmark" against which a district court must "consider all of the § 3553(a) factors." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). Indeed, "[f]ederal [district] courts understand that they *must* begin their analysis with the Guidelines and remain cognizant

---

[2] When the district court referenced the "Sentencing Reform Act," rather than the Guidelines themselves, as being advisory, the court clearly misspoke. The Sentencing Reform Act established the Sentencing Commission and directed it to promulgate sentencing guidelines. *See Mistretta v. United States*, 488 U.S. 361, 367-68 (1989). The Supreme Court later rendered those guidelines advisory by invalidating certain provisions of the Sentencing Reform Act. *See United States v. Booker*, 543 U.S. 220, 259 (2005). Despite the district court's imprecise statement, the court clearly understood that it wasn't required to issue a sentence within the guideline range.

of them throughout the sentencing process." *Molina-Martinez v. United States*,

136 S. Ct. 1338, 1345 (2016) (internal quotation marks omitted).

**B.** **Explanation of the Sentence**

Next, Garcia complains that the district court "failed to address [his] principal sentencing argument that a variance was warranted to offset an upbringing and its consequences that were outside of his control." Aplt. Opening Br. at 15. This complaint appears to have two components—a failure to acknowledge that "a variance was possible" and a "fail[ure] to explain why . . . a non-frivolous argument for a downward variance" was denied. *Id.* at 17, 18. As we explain below, both components lack merit.

We turn to the record to determine whether the district court acknowledged the possibility of a variance from the Guidelines range. During the sentencing hearing, the district court expressly entertained arguments concerning Garcia's request for a variance, and the court specifically denied the request, explaining that it had considered the § 3553(a) factors and found that a sentence within the Guidelines range was fair and reasonable. Further, when addressing the terms of Garcia's incarceration and supervised release, the district court referenced his poor health and drug addiction—conditions that Garcia had asserted in support of a variance. Quite simply, the record on appeal belies Garcia's assertion that the district court "utter[ly] fail[ed] to consider [his variance] argument," Aplt. Opening Br. at 13.

As for the cursory nature of the denial, we note that where, as here, "a district court imposes a within-Guidelines sentence, the court must provide only a general statement of its reasons, and need not explicitly refer to either the § 3553(a) factors or

respond to every argument for leniency that it rejects in arriving at a reasonable sentence." *United States v. Lente*, 647 F.3d 1021, 1034 (10th Cir. 2011) (internal quotation marks omitted). In particular, "[t]he sentencing court . . . is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors." *United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010).

In this regard, we find our decision in *United States v. Ruiz-Terrazas*, 477 F.3d 1196 (10th Cir. 2007) instructive. There, the district court denied the defendant's request for a variance without "specifically address[ing] the [§] 3553(a) arguments [he] pursued in his [sentencing] brief or at oral argument." *Id.* at 1199. Instead, the district court merely

> stated that it had reviewed the [PSR's] factual findings[;] considered the guideline applications, and the factors set forth in . . . [§] 3553(a)(1) through (7); [and] . . . noted that the defendant reentered the United States subsequent to being convicted of an aggravated felony, and its belief that the sentence advised by the Guidelines was reasonable.

*Id.* (brackets and internal quotation marks omitted). The defendant didn't object to the district court's cursory explanation. On appeal, we reviewed for plain error and found "no error at all," given that a district court need not "specific[ally] expla[in] . . . a sentence falling within the Guidelines range." *Id.* at 1199, 1201.

Here, as in *Ruiz-Terrazas*, the district court indicated that it had reviewed the PSR, considered the § 3553(a) sentencing factors, and found the Guidelines range to be reasonable. While "a more detailed sentencing explanation" might have been desirable, *id.* at 1202, it wasn't required. *See Wireman*, 849 F.3d at 958-59 (observing that "if the

defendant's sentence is within the applicable Guidelines range, the district court may satisfy its obligation to explain its reasons for rejecting the defendant's arguments for a below-Guidelines sentence by entertaining the defendant's arguments, and then somehow indicating that it did not rest on the guidelines alone, but considered whether the guideline sentence actually conforms, in the circumstances, to the 18 U.S.C. § 3553(a) statutory factors" (brackets, citation, emphasis, ellipsis, and internal quotation marks omitted)).

Garcia's reliance on *United States v. Rose*, 185 F.3d 1108 (10th Cir. 1999), is misplaced. *Rose* involved "the district court['s] fail[ure] to state on the record its reason for imposing *consecutive sentences*." *Id.* at 1112 (emphasis added). *Rose* didn't address the explanation necessary for imposing a within-Guidelines sentence. That distinction is critical, because different levels of specificity are required for explaining sentences that fall within the Guidelines range versus sentences that fall outside that range. *See Ruiz-Terrazas*, 477 F.3d at 1199-1200 (observing that within-Guidelines sentences require "only a general statement" of reasons, whereas sentences outside the Guidelines require "reasons . . . stated with specificity" (emphasis and internal quotation marks omitted)).[3]

---

[3] Garcia also claims that *United States v. Hall*, 473 F.3d 1295 (10th Cir. 2007), and *United States v. Sanchez-Juarez*, 446 F.3d 1109 (10th Cir. 2006), require a more detailed sentencing explanation *whenever* a defendant requests a downward variance. But this court distinguished both of those cases in *Ruiz-Terrazas* while pointing out that the salient feature guiding a sentencing court's explanation is whether the court imposes a within-Guidelines sentence. *See Ruiz-Terrazas*, 477 F.3d at 1200 (noting that in *Hall* the sentencing court "depart[ed] by more than 30% from [the] Guidelines range"); *id.* at 1202-03 (noting that "the problem in *Sanchez-Juarez* was that (i) there was no indication by the district court that it had considered the [§] 3553(a) factors,

We acknowledge that the PSR stated that a downward variance from the Guidelines range might be warranted. But a PSR isn't binding on the district court. *United States v. Belgard*, 894 F.2d 1092, 1097 (9th Cir. 1990). Indeed, "[t]he [PSR] explains the basis for the Probation Office's calculations and sets out the sentencing options under the applicable statutes and Guidelines." *Molina-Martinez*, 136 S. Ct. at 1342. Garcia doesn't cite, and we haven't independently found, any authority requiring a more detailed sentencing explanation when the district court declines to follow a PSR's suggestion.

In any event, even if the district court erred by not providing a more detailed explanation for Garcia's sentence, the remaining plain-error requirements are beyond his reach. First, given the similar sentencing explanation approved in *Ruiz-Terrazas*, we can't say that any error the district court might have committed in this case was plain. *See United States v. Wolfname*, 835 F.3d 1214, 1221 (10th Cir. 2016) (explaining that "[a]n error is plain if it is clear or obvious under current, well-settled law" (internal quotation marks omitted)).

Second, even if there was error, *and* that error was plain, Garcia's substantial rights wouldn't have been affected, because there is no "reasonable probability that, but for the error claimed, the result of the [sentencing] proceeding would have been different." *Id.* at 1222 (internal quotation marks omitted). Specifically, despite "the perceived inadequacy of the district court's recitation of its reasons, the district court's

and (ii) we were otherwise unable ourselves to discern a clear explanation of the sentence in the record" (internal quotation marks omitted)).

sentencing decision was amply supported by evidence the government proffered at sentencing." *United States v. Uscanga-Mora*, 562 F.3d 1289, 1295 (10th Cir. 2009). Contrary to defense counsel's sentencing-hearing assertion that a variance down to 120 months would have "deterrent value" and "aid[ ] in the protection of the public," R., Vol. III at 14, the government in its sentencing memorandum noted that (1) Garcia had an extensive criminal history; (2) Garcia's prior prison sentence for drug trafficking had no deterrent effect; and (3) Garcia had in this case employed tactics of a dangerous drug trafficker. While defense counsel stressed Garcia's health problems and difficult childhood as reasons for a variance, we can't say that, but for the district court's claimed error in cursorily explaining the need for a within-Guidelines sentence, Garcia's sentence would have been any different. *Uscanga-Mora*, 562 F.3d at 1295; *see, e.g.*, *Ruiz-Terrazas*, 477 F.3d at 1203 (concluding that district court's failure to provide a more detailed explanation of its reasons for denying a downward variance "did not affect [the defendant's] substantial rights or the fairness, integrity, or public reputation of judicial proceedings," given evidence supporting the within-Guidelines sentence).

Garcia has not shown reversible error in the district court's explanation of his sentence.

### III. Substantive Reasonableness

Garcia next asserts a challenge to the substantive reasonableness of his sentence. Substantive review of a sentence focuses on "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)," *United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015) (internal

quotation marks omitted). Yet in asserting this challenge, Garcia continues to attack his sentence as inadequately explained—a challenge we reject above.

Nevertheless, Garcia also argues that "nothing in the record shows why 135 months is the *least* punishment possible to achieve the goals of sentencing." Aplt. Opening Br. at 28. That argument, however, misapprehends the nature of substantive-reasonableness review. On appeal, we presume that Garcia's "within-guidelines sentence is . . . reasonable." *United States v. Harry*, 816 F.3d 1268, 1284 (10th Cir. 2016). He bears "the burden of rebutting the presumption," *id.*, by "showing that the § 3553(a) factors justify a lower sentence," *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008).

Regarding the § 3553(a) factors, Garcia mentions "the traumatic impact of his upbringing," his need for "addiction and mental health treatment," and his "getting a high school diploma despite the adversities," as well as the "mitigating evidence" and "the context within which the offense took place." Aplt. Opening Br. at 28. But Garcia notably fails to recognize the existence of other compelling circumstances justifying a longer sentence, including Garcia's history of criminality, his failure to be deterred by a prior prison sentence, and his use of experienced drug-trafficking tactics. On this record, Garcia fails to rebut the presumption that his within guideline sentence was substantively reasonable. *See United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018) ("We will reverse only if the sentence imposed was arbitrary, capricious, whimsical, or manifestly unreasonable." (internal quotation marks omitted)).

13

**CONCLUSION**

Accordingly, we affirm Garcia's sentence.

Entered for the Court


Nancy L. Moritz
Circuit Judge