**UNITED STATES of America,**
**Appellee,**

v.

**Alberto ORLANDEZ–GAMBOA, also**
**known as Caracol, also known as**
**Chiriqui, Defendant–Appellant.**

**No. 05–2777–CR.**

United States Court of Appeals,
Second Circuit.

June 13, 2006.

Glen G. McGorty, Assistant United States Attorney (Harry Sandick, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Barry M. Fallick (Kenneth Paul and Jillian S. Harrington, of counsel), Rochman Platzer Fallick Sternheim Luca & Pearl, LLP, New York, NY, for Defendant–Appellant.

Present AMALYA L. KEARSE, PIERRE N. LEVAL, and GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant–Appellant Alberto Orlandez–Gamboa ("Gamboa") was extradited from Colombia to stand trial in the United States District Court for the Southern District of New York (Griesa, *J.*) for conspiracy to import cocaine in violation of 21 U.S.C. § 963, importation of cocaine in violation of 21 U.S.C. § 960(b)(1)(B), and conspiracy to launder the proceeds of narcotics trafficking in violation of 18 U.S.C. § 1956(a). Following the government's successful appeal to this court of an evidentiary ruling in Gamboa's favor, *see United States v. Orlandez–Gamboa*, 320 F.3d 328 (2d Cir.2003), Gamboa pleaded guilty to the charges. The district court calculated his sentence range under the United States Sentencing Guidelines as

324 to 405 months, but then imposed a higher sentence of 480 months. Gamboa appeals his sentence.

We assume the parties' familiarity with the facts, the procedural history, and the scope of issues on appeal.

Gamboa argues that, because Colombia specified that he was extradited "*exclusively,* for acts committed subsequent to December 16, 1997" and could not be "tried or condemned for prior additional act[s]" beyond the charged offenses, the district court was not permitted to consider conduct that occurred prior to December 16, 1997 in determining his Guidelines range. [JA 154, 189] It is true that the rule of specialty, a principle of international law applied in this circuit, "generally requires a country seeking extradition to adhere to any limitations placed on prosecution by the surrendering country." *United States v. Baez,* 349 F.3d 90, 92 (2d Cir.2003) (per curiam). But to resolve the instant appeal, we need not decide whether the rule of specialty permits courts to consider, for sentencing purposes, conduct made off-limits to prosecution by extradition agreements. *Cf. United States v. Garrido–Santana,* 360 F.3d 565, 578 (6th Cir.2004); (holding that sentencing courts may take such conduct into account); *United States v. Lazarevich,* 147 F.3d 1061, 1064 (9th Cir.1998) (same). This is because the district court made clear that Gamboa would receive the same sentence whether or not pre-December 16, 1997 conduct was considered, and as explained

below, we find no fault with the factual findings that underlie this conclusion.

The district court made three factual findings that increased Gamboa's Guidelines range: (1) that 150 kilograms or more of cocaine were involved, *see* U.S.S.G. § 2D 1.1(c)(1); (2) that he was an organizer or leader of an extensive criminal activity, *see* U.S.S.G. § 3B1.1(a); and (3) that a dangerous weapon was possessed in the course of the offense, *see* U.S.S.G. § 2D1.1(b)(1). With respect to the first two of these sentencing factors, the district court expressly found them to be applicable even when pre-December 16, 1997 activity was excluded from consideration. Given the ample evidence that Gamboa headed a high-volume drug smuggling organization that continued in operation past that date, we see no error in the district court's findings.[1] With respect to the third factor, the weapons enhancement, the district court stated on the record that he would impose the same sentence even the weapons enhancement did not apply, and Gamboa does not challenge this alternative ruling.

Gamboa does challenge the reasonableness of the forty-year sentence, contending that the district court did not give adequate consideration to the factors listed in 18 U.S.C. § 3553(a). *See United States v. Crosby,* 397 F.3d 103, 112 (2d Cir.2005). But he can point to nothing in the record to support this contention. *See United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005) ("As long as the judge is aware

---

1. Gamboa also argues before this court that the district court made insufficient factual findings in support of the four-level leadership role enhancement. Sentencing courts are indeed required "to make specific factual findings to support a sentence enhancement under U.S. S.G. § 3B1.1," *United States v. Molina,* 356 F.3d 269, 275 (2d Cir.2004), and the district court did not do so. But "[i]nasmuch as appellant did not object at the time to the lack of specificity in the district court's factual findings, we review this issue for plain error." *Id.* at 277. Because, as discussed above, "there is evidence to sustain the enhancement," vacatur of the sentence on this basis is not warranted. *Id.* (quoting *United States v. Gore,* 298 F.3d 322, 325 (5th Cir. 2002)).

of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred.").

In addition, Gamboa argues that the district court did not give adequate reasons for sentencing above the Guidelines range. *See* 18 U.S.C. § 3553(c)(2). In fact, Judge Griesa clearly explained the reasons for imposing a higher sentence, emphasizing the need for a sentence commensurate with the "extreme seriousness" of the damage caused by Gamboa's crimes, and also a sentence that was not disproportionately short relative to "sentences imposed on lesser participants in the drug world." [A 124–25] The district court did not recapitulate these reasons in the written order of judgment, as required by § 3553(c)(2). But in oral argument before this panel, Gamboa declined, through counsel, to insist upon a remand for the sole purpose of correcting this error. *Cf. United States v. Goffi*, 446 F.3d 319 (2d Cir. 2006).

We have considered all of Gamboa's arguments on appeal and found each of them to be without merit. Accordingly, we AFFIRM the judgment of the district court.