United States v. Viola

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand fourteen.

PRESENT:  PIERRE N. LEVAL,
　　　　　　GUIDO CALABRESI,
　　　　　　GERARD E. LYNCH,
　　　　　　　　　　*Circuit Judges.*

_____

UNITED STATES OF AMERICA,
　　　　　　　　　　*Appellee,*

　　　　v.　　　　　　　　　　　　　　　　　　　　No.　12-4160

GREGORY VIOLA,
　　　　　　　　　　*Defendant - Appellant.*

_____

APPEARING FOR APPELLEE:　　RICHARD J. SCHECHTER, Assistant United States Attorney (Robert M. Spector, Assistant United States Attorney, Emily McDonough, Law Student Intern, *on the brief*), *for* Deirdre M. Daly, Acting United States Attorney for the District of Connecticut.

APPEARING FOR APPELLANT:　　JONATHAN J. EINHORN, Law Office of Jonathan J. Einhorn, New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment entered on November 9, 2012, is AFFIRMED.

Defendant-appellant Gregory Viola entered a guilty plea to an Information charging two counts of mail fraud in violation of 18 U.S.C. § 1341. The district court entered a judgment sentencing Viola to concurrent terms of 100 months' imprisonment on each count, a three-year term of supervised release, a $200 special assessment, no fine, and restitution in the amount of $6,872,633.97. After Viola timely filed his notice of appeal, the district court amended its original judgment to identify the victims to whom the $6,872,633.97 should be paid. On appeal Viola, through counsel and in a supplemental *pro se* brief, raises a number of objections to his sentence, challenges the district court's authority to amend its judgment, and contends that the Supreme Court's decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), should apply to any judicial fact-finding that increased his Guidelines sentencing range.[1] We find all of Viola's arguments to be without merit. We assume the parties' familiarity with the facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

"We review a district court's sentence for procedural and substantive reasonableness, a standard akin to review for abuse of discretion." <u>United States v.</u>

---

[1] In his opening brief, submitted through counsel, Viola contended that the district court erred by not providing a written statement of reasons for the sentence imposed. Viola withdrew that argument in his reply brief, because it has no basis in fact or law. We therefore have no occasion to consider that argument.

Cavera, 550 F.3d 180, 210 (2d Cir. 2008) (en banc) (internal quotation marks omitted). Reasonableness review consists of two prongs: "first, we must ensure that the district court committed no significant procedural error, and second, if we find the sentence to be procedurally sound, we must take into account the totality of the circumstances and consider the substantive reasonableness of the sentence." United States v. Jones, 531 F.3d 163, 170 (2d Cir. 2008) (internal quotation marks omitted). "Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." United States v. Cossey, 632 F.3d 82, 86 (2d Cir. 2011). Where a procedural error was not raised in the district court, the claim is forfeited on appeal, and we review only for plain error. United States v. Villafuerte, 502 F.3d 204, 207-08 (2d Cir. 2007). We will "set aside a district court's *substantive* determination" as to an appropriate sentence "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Cavera, 550 F.3d at 189 (emphasis in original) (internal quotation marks omitted).

Here, Viola's sentence was both procedurally and substantively reasonable. Viola did not object to the district court's loss calculation, the number of victims, or the investment enhancement at sentencing. To the contrary, he specifically agreed with the district court's guidelines calculations, which included each of those enhancements, and submitted a list of victims and loss amounts not materially different from that submitted

3

by the government. His term of supervised release was permitted by statute, and the restitution award and special assessment were statutorily mandated. See 18 U.S.C. §§ 3583(b)(2) (supervised release); 3663A(a)(1) (restitution); 3013(a)(2)(A) (special assessment). Viola's affirmative agreement with the district court's Guidelines calculation might well be viewed as a true waiver precluding any appellate review of that calculation. See, e.g., United States v. Eberhard, 525 F.3d 175, 179 (2d Cir. 2008) (declining to consider defendant's challenge to sentencing enhancement when he failed to challenge Presentence Investigation Report in district court). We need not resolve whether Viola's sentencing challenge was waived or forfeited because, in any event, he fails to demonstrate any error, much less plain error. The district court's decision was procedurally sound and fell within the range of permissible decisions. We decline to disturb it on appeal.[2]

Viola's objection to the district court's amendment of its judgment is similarly unavailing. While "[a] notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," United States v. Ransom, 866 F.2d 574, 575 (2d Cir. 1989) (internal quotation marks omitted), the district court "still may act in aid of the appeal," United States v.

---

[2] To the extent that Viola contends that the district court failed to consider each of the nine reasons he raised for downward departure, and therefore failed to understand her authority to act, we find no error. See United States v. Stinson, 465 F.3d 113, 114 (2d Cir. 2006) ("In the absence of clear evidence of a substantial risk that the judge misapprehended the scope of [her] departure authority, we presume that a sentence judge understood the scope of [her] authority.") (internal quotation marks omitted). See also United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005) (noting no requirement of "robotic incantations" by district judges when imposing sentence).

4

Nichols, 56 F.3d 403, 411 (2d Cir. 1995) (internal quotation marks omitted).  Thus, where

a district court does not "act[] impermissibly to modify a judgment substantively," id.

(internal quotation marks omitted), but simply clarifies its order, we have viewed such

modifications as acts in aid of the appeal.  See, e.g., id. (noting that district court's

"simpl[e] clarif[ication]" of its judgment did not run counter to rule).  Here, the district

court merely clarified to whom restitution should be paid, which did not substantively

modify the judgment or prejudice Viola in any way.[3]

Finally, Viola asserts that Alleyne, 133 S. Ct. 2151, invalidates any judicial fact-

finding that increases the Guidelines sentencing range.  Alleyne held that any fact that

increases the mandatory minimum sentence a defendant faced is an element of the crime

that must be submitted to the jury.  See id. at 2155.  Because the Sentencing Guidelines

are advisory rather than mandatory, see United States v. Booker, 543 U.S. 220, 246

(2005), application of guidelines enhancements that do not increase the statutory

maximum or minimum penalty neither implicates nor violates a defendant's Sixth

Amendment right to a jury trial.  See Alleyne, 133 S. Ct. at 2162-64 (emphasizing that its

---

[3] Viola's *pro se* brief mentions in passing that the amended judgment also deleted a provision in the original written judgment, not mentioned in the court's oral imposition of sentence, ordering Viola to forfeit certain computer equipment.  To the extent Viola challenges that amendment, which operated to his benefit, because he did not object to it below, we review only for plain error, and find none.  The deletion of the forfeiture provision had no substantive effect on the judgment, since the oral pronouncement of sentence, which did not contain the provision, controls over the original written judgment, which did.  United States v. Rosario, 386 F.3d 166, 168-69 (2d Cir. 2004).  To the extent there was any error (and we find none) it did not affect Viola's substantial rights, and thus could not constitute plain error.  See United States v. Williams, 399 F.3d 450, 454 (2d Cir. 2005).

5

ruling "does not mean that any fact that influences judicial discretion" in imposing a sentence within statutory limits must be found by a jury).

We have considered all of Viola's remaining arguments and find them to be without merit. For the foregoing reasons the judgment of the district court is affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court