21-1594-cr
*United States v. Orlandez-Gamboa*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-two.

PRESENT:
> Denny Chin,
> Steven J. Menashi,
> Beth Robinson,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                    No. 21-1594

ALBERTO ORLANDEZ-GAMBOA, AKA
CARACOL, AKA CHIRIQUI,

> *Defendant-Appellant.*

_____

FOR APPELLEE:                                    Jessica Feinstein, David Abramowicz, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:          Alberto Orlandez-Gamboa, pro se, White Deer, PA.

Appeal from an order of the United States District Court for the Southern District of New York (McMahon, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

In 2000, Alberto Orlandez-Gamboa was extradited to the United States and subsequently pleaded guilty to cocaine distribution conspiracy, importation of cocaine, and money laundering conspiracy. The district court sentenced him to forty years' imprisonment in 2005. On direct appeal, we affirmed the conviction and sentence. *United States v. Orlandez-Gamboa*, 185 F. App'x 86 (2d Cir. 2006). As relevant to this appeal, we rejected the argument that the district court violated the rule of specialty, *id.* at 87, which requires "a country seeking extradition to adhere to any limitations placed on prosecution by the surrendering country" and can prohibit a defendant's prosecution "for a crime not enumerated in the applicable extradition treaty," *United States v. Baez*, 349 F.3d 90, 92 (2d Cir. 2003). Orlandez-Gamboa had argued that the district court, in calculating the guidelines range, considered conduct that occurred before the conduct for which he was extradited. We reasoned, however, that the district court "made clear" that it would have imposed the same sentence "whether or not pre-December 16, 1997 conduct was considered." *Orlandez-Gamboa*, 185 F. App'x at 87.

2

In May 2020, Orlandez-Gamboa moved *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. He based his motion on the COVID-19 pandemic and his assertion that the district court had violated the extradition agreement at his original sentencing. The district court denied the motion, reasoning that Orlandez-Gamboa had not established any extraordinary or compelling reasons and that the 18 U.S.C. § 3553(a) sentencing factors weighed against early release. Orlandez-Gamboa now appeals the order of the district court denying his motion for compassionate release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). A district court has abused its discretion when it relied on "an erroneous view of the law or on a clearly erroneous assessment of the evidence" or "rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).

Section 3582(c)(1)(A) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in Section 3553(a)" if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). If a defendant is eligible for a reduction, the district court must "determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

The district court did not abuse its discretion by denying Orlandez-Gamboa's motion. Orlandez-Gamboa failed to show any extraordinary or compelling reasons for compassionate release. He did not establish that he suffered from a medical condition that placed him at higher risk of a serious COVID-19

infection. The only factor that increased his risk was his age. Orlandez-Gamboa argues that the district court should have considered his age in combination with the harsh prison conditions caused by COVID-19 and the district court's violation of the rule of specialty. But even if the district court should have considered these factors in combination, it did not abuse its discretion by concluding that the § 3553(a) factors weighed against early release.

The district court primarily considered the nature and circumstances of Orlandez-Gamboa's offense and concluded that his status as the leader of a violent cartel did not warrant a sentence reduction. This conclusion was supported by the record. Orlandez-Gamboa was the leader of a large-scale narcotics trafficking organization that was responsible for importing hundreds of kilograms of cocaine into the United States.

Orlandez-Gamboa argues that the district court ignored most of the § 3553(a) factors and placed too great a weight on the nature and circumstances of his offense. Orlandez-Gamboa is correct that the district court did not explicitly discuss every § 3553(a) factor. However, we "presume[] that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020); *see United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (applying *Rosa* to a motion for compassionate release). Orlandez-Gamboa does not identify any portion of the record suggesting that the district court failed to consider the other § 3553(a) factors.

We accord the greatest deference to the district court's decision on how to weigh each of the § 3553(a) factors. *See United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007). Therefore, it was not an abuse of discretion for the district court to focus primarily and to place greater weight on the nature and circumstances of Orlandez-Gamboa's offense. *See* 18 U.S.C. § 3553(a)(1) ("The court, in determining

the particular sentence to be imposed, shall consider ... the nature and circumstances of the offense.").

Orlandez-Gamboa next contends that the district court erred by dismissing his challenge to the validity of his original sentence based on the alleged violation of the extradition agreement. Even assuming that Orlandez-Gamboa could challenge the validity of his sentence through a compassionate release motion, we have already rejected this argument. "The law of the case doctrine commands that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case' unless 'cogent and compelling reasons militate otherwise.'" *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). Compelling reasons include "an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* at 99-100 (internal quotation marks omitted).

Orlandez-Gamboa argues that our decision in *United States v. Suarez*, 791 F.3d 363 (2d Cir. 2015), was an intervening change in law. But this argument is meritless. *Suarez* addressed whether a defendant had standing to challenge his sentence under the rule of specialty absent an official objection from the extraditing country. *Id.* at 366-68. In resolving Orlandez-Gamboa's direct appeal, we did not conclude that he lacked standing to challenge his sentence based on the extradition treaty. Rather, we addressed Orlandez-Gamboa's argument on the merits and concluded that he would have received the same sentence regardless of whether the district court had considered the pre-December 1997 conduct. *Orlandez-Gamboa*, 185 F. App'x at 87.

Lastly, Orlandez-Gamboa argues that he did not receive due process because the district court was biased and that the district judge should have recused herself *sua sponte* under 28 U.S.C. § 455(a). He requests that his case be remanded to a different district court judge. However, Orlandez-Gamboa provides no substantive

evidence to support this claim, and nothing in the district court's order suggests improper considerations or bias.

We have considered Orlandez-Gamboa's remaining arguments, which we conclude are without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court