25-279-cr
*United States v. Orlandez-Gamboa*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty-six.

**PRESENT:**

> **DENNIS JACOBS,**
> **GUIDO CALABRESI,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

> v.                                                                                   **No. 25-279-cr**

**Alberto Orlandez-Gamboa, AKA**
**Caracol,   AKA Chiriqui,**

> *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:** Alberto Orlandez-Gamboa, *pro se*.

**FOR APPELLEE:** James G. Mandilk & Michael D. Maimin, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2000, Defendant-Appellant Alberto Orlandez-Gamboa was extradited from Colombia to the United States, having been charged by superseding indictment the previous year with (1) conspiring to import at least five kilograms of cocaine into the United States in violation of 21 U.S.C. § 963; (2) importing at least five kilograms of cocaine into the United States in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B); and (3) participating in a money laundering scheme in violation of 18 U.S.C. § 1956(h). On March 10, 2003, he pled guilty to all three counts, specifically allocuting to the identity and quantity of the drugs he

imported. "The district court calculated his sentence range under the United States Sentencing Guidelines as 324 to 405 months, but then imposed a higher sentence of 480 months." *United States v. Orlandez-Gamboa*, 185 F. App'x 86, 86–87 (2d Cir. 2006) (summary order). We affirmed. *Id.* at 87–88. He has since filed a number of unsuccessful motions and appeals challenging his conviction and sentence. *See, e.g.*, *United States v. Orlandez-Gamboa*, No. 21-1594, 2022 WL 17491645 (2d Cir. 2022) (summary order); *United States v. Orlandez-Gamboa*, No. 99-cr-654, 2017 WL 2876480 (S.D.N.Y. June 23, 2017).

The present appeal concerns the district court's denial of Orlandez-Gamboa's motion for compassionate release, made pursuant to 18 U.S.C. § 3582(c)(1)(A). *See United States v. Orlandez-Gamboa*, No. 99-cr-654, 2025 WL 71976, at *4–5 (S.D.N.Y. Jan. 10, 2025). "We review the denial of a motion for compassionate release for abuse of discretion and underlying matters of statutory interpretation *de novo*." *United States v. Havlon*, 26 F.4th 566, 569 (2d Cir. 2022).

Section 3582(c)(1)(A) permits, in relevant part, a defendant who has exhausted a statutory procedure to move the district court to "reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the

extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant policy statement—the legality of which is the subject of a pending Supreme Court case, *see Rutherford v. United States*, S. Ct. No. 24-820—is U.S.S.G. § 1B1.13. In particular, Orlandez-Gamboa invokes Section 1B1.13(b)(6), which provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, *a change in the law* (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only *where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed*, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(1)(6) (emphases added).

Section 1B1.13(b)(6), on which Orlandez-Gamboa solely relies, thus requires "a change in the law" that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" On that score, Orlandez-Gamboa offers the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), in which it held that any fact that raises

4

a defendant's mandatory *minimum* sentence is a substantive element that must be found by a jury, rather than the district court. *Id.* at 102–03. *Alleyne* was based, in turn, on the Supreme Court's prior decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which it held that a defendant is entitled to a jury's finding of any fact that raises a statutory *maximum* sentence. *Id.* at 490. Orlandez-Gamboa argues that *Alleyne* would have changed his sentence, because he was sentenced "based on judicial fact-finding regarding drug quantity, triggering a mandatory minimum of 40 years." Appellant's Br. 2.

Notwithstanding that Orlandez-Gamboa faced a mandatory minimum of *ten* years (not forty), *see* 21 U.S.C. § 960(b)(1), his argument fails for a more fundamental reason: the indictment charged, and plea allocution established, the precise drug quantity necessary to trigger the ten-year mandatory minimum. As the Supreme Court has clarified, "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis in original). So long as the "facts admitted in the guilty plea" are sufficient to increase a defendant's statutory sentence, no *Apprendi* (or,

5

by extension, *Alleyne*) issue arises. *Id.* at 304; *see also United States v. Cordoba-Murgas*, 422 F.3d 65, 66 (2d Cir. 2005) ("[A] defendant's plea allocution effectively waives the requirement of submitting the quantity question to the jury[.]"). Because Orlandez-Gamboa was charged by indictment with importing more than five kilograms of cocaine and allocuted to the same, he waived any right to submit the question of drug quantity to a jury. *Cf. United States v. Yu*, 285 F.3d 192, 197–98 (2d Cir. 2002) (remanding where a defendant faced an enhanced statutory minimum sentenced based on drug quantity included in the indictment but not specifically allocuted). And though Orlandez-Gamboa was sentenced in part based on the district judge's finding that he imported over 150 kilograms of cocaine, that fact did not increase Orlandez-Gamboa's statutory minimum or maximum and is thus unaffected by any intervening change in law. *See Alleyne*, 570 U.S. at 116 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury."); *see also United States v. Viola*, 555 F. App'x 57, 60 (2d Cir. 2014) (summary order) (rejecting the argument that *Alleyne* prohibits judicial fact-finding that raises a criminal defendant's applicable Guidelines range).

6

We likewise conclude that the district court did not abuse its discretion in weighing the 18 U.S.C. § 3553(a) factors to hold that Orlandez-Gamboa is not entitled to compassionate release. Rather, the district court reasonably observed that Orlandez-Gamboa's "laudable" improvements in prison do not outweigh the extraordinarily serious nature of his offense conduct which warrants his continued incarceration. *See Orlandez-Gamboa*, 2025 WL 71976 at \*5; *see also Orlandez-Gamboa*, 2022 WL 17491645, at \*2 (affirming the district court's previous application of the Section 3553(a) factors). The district court thus did not err in concluding that Orlandez-Gamboa has not satisfied the statutory requirements for compassionate release, regardless of Section 1B1.13(b)(6).

Our conclusions that Orlandez-Gamboa has not identified a material change in law or an abuse in the district court's discretionary weighing of the Section 3553(a) factors are dispositive of this appeal. We thus do not reach the other issues raised, such as the propriety of Section 1B1.13(b)(6) or whether Section 1B1.13 is binding on district courts' consideration of defendant-filed motions for compassionate release, as Orlandez-Gamboa relies only on a change in law which would not affect his sentence.

The district court's order is therefore **AFFIRMED**. All outstanding motions are **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
